UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WATCH & ACCESSORY CO. and
THE WATCH COMPANY, INC.,

      Plaintiffs,

      v.                                    Case No. 21-C-382

GARMIN INTERNATIONAL, INC.,

      Defendant.

---

**DECISION AND ORDER**

---

Plaintiffs Watch & Accessory Co. and The Watch Company, Inc. (collectively, WatchCo) brought suit in the Circuit Court for Outagamie County, Wisconsin, alleging that Defendant Garmin International, Inc. violated various provisions of the Wisconsin Fair Dealership Law (WFDL), Wis. Stat. § 135.01, *et seq.*, by attempting to modify or rescind a contract between the parties to sell Garmin watches. Garmin, based in Kansas, removed the matter to federal court based on diversity jurisdiction and now moves to dismiss the complaint for failure to state a claim and under the doctrine of *forum non conveniens*. Because the complaint fails to state a claim upon which this Court could grant relief, the complaint is dismissed.

**BACKGROUND**

In October 2015, WatchCo and Garmin entered into a four-page written contract whereby WatchCo became a non-exclusive, independent dealer of Garmin watches. Domestic Dealer Agreement (Agreement), Dkt. No. 8-1. WatchCo alleges that Garmin initially sold its watches to WatchCo at a 45 percent discount off the manufacturer's retail price (MRP). Compl. ¶ 5, Dkt. No. 1-1. WatchCo further alleges that, around July 2016, Garmin changed the discount to 35 percent

of the MRP, and WatchCo eventually agreed to the higher price. *Id.* ¶¶ 6–7. In a letter dated February 24, 2021, Garmin notified WatchCo that it would be modifying their business relationship. Compl., Ex. C., Dkt. No. 1-1 at 15. The letter stated that the 35 percent discount pricing provided to WatchCo was premised on its brick-and-mortar retail business model, and that if WatchCo chose to sell its watches primarily online, the discounts would change. *Id.* If WatchCo made most or all of its sales online, including through Amazon.com, Garmin would sell WatchCo its watches at 15 percent below MRP. *Id.* If WatchCo made most or all of its sales online, but sold exclusively through WatchCo's own website, then Garmin would provide its watches at 25 percent below MRP. *Id.* The letter stated that if WatchCo did not notify Garmin of its elected business model within 60 days of the letter, Garmin would reduce WatchCo's discount to 15 percent off MRP at the end of 90 days. *Id.*

WatchCo alleges that its contract with Garmin constitutes a dealership within the meaning of the WFDL and that Garmin's proposed price change amounts to a substantial change in competitive circumstances. Under the WFDL, a grantor of a dealership may not "terminate, cancel, fail to renew or substantially change the competitive circumstances of a dealership agreement without good cause." Wis. Stat. § 135.03. Even where the grantor believes good cause exists, the WFDL generally requires that grantor provide that dealer at least 90 days prior written notice of such change and the reasons for the change and allow the dealer 60 days to cure any claimed deficiency. Wis. Stat. § 135.04. WatchCo alleges that good cause does not exist for the changes in price Garmin has proposed and, in any event, Garmin has failed to provide the required notice. Based on these allegations, WatchCo seeks an injunction enjoining Garmin from altering or terminating the dealership agreement, damages for any losses sustained, and attorneys' fees and costs.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint. Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court raised the standard for meeting this requirement in an effort to limit the rising costs of litigation. Though the Court recognized in *Twombly* the need for caution before dismissing a case at the pleading stage before discovery has begun, it noted that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)). The Court therefore held that it was not enough to allege the mere possibility of a claim; a claim must have some plausibility to proceed.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*.

at 555 (internal quotations omitted). "Where a complaint pleads facts that are 'merely consist with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the plaintiff is entitled to relief. *Id.* These are the principles that apply here.

## ANALYSIS

To state a claim under the WFDL, WatchCo must allege the existence of a dealership. The WFDL defines a dealership as

> [a] contract or agreement, either expressed or implied, whether oral or written, between 2 or more persons, by which a person is granted the right to sell or distribute goods or services, . . . in which there is a community of interest in the business of offering, selling or distributing goods or services at wholesale, retail, by lease, agreement or otherwise.

Wis. Stat. § 135.02(3)(a). A community of interest is "a continuing financial relationship between the grantor and grantee in either the operation of the dealership business or the marketing of such goods or services." Wis. Stat. § 135.02(1). In order to establish a community of interest between the parties, the plaintiff must show that there is "(1) a continuing financial interest and (2) 'interdependence,' *i.e.*, shared goals and a cooperative effort more significant than the typical vendor-vendee relationship." *Guderjohn v. Loewen-America, Inc.*, 179 Wis. 2d 201, 205, 507 N.W.2d 115 (Ct. App. 1993).

The Wisconsin Supreme Court has rejected any attempt to define a community of interest based on simple mathematical calculations. *Ziegler Co., Inc. v. Rexnord, Inc.*, 139 Wis. 2d 593, 603, 407 N.W.2d 873 (1987). Instead, it directs courts to consider "a wide variety of facets, individually and in their totality, as evidenced in the actual dealings of the parties and in their

4

contract or agreement." *Id.* at 605–06. The court outlined ten "facets" which courts should examine to determine whether the parties are sufficiently interdependent to comprise a community of interest. *Id.* at 606. These include:

> (1) the length of the relationship; (2) the extent and nature of the obligations imposed on the parties in their agreement; (3) the percentage of time or revenue the alleged dealer devotes to the alleged grantor's products; (4) the percentage of gross proceeds the alleged dealer derives from the alleged grantor's products; (5) the extent of the territory granted to the dealer; (6) the extent and nature of the dealer's use of the grantor's proprietary marks; (7) the extent of the alleged dealer's financial investments in inventory, facilities, and good will into the dealership; (8) the personnel devoted to the dealership; (9) how much the dealer spends on advertising the grantor's products; and (10) the extent and nature of supplementary services provided by the dealer to consumers of the grantor's products.

*Id.*

Of course, at the motion to dismiss stage, WatchCo does not need to *prove* that all ten factors work in its favor, but it needs to allege sufficient facts to show that it is at least plausible that such a relationship exists—in other words, facts that would support a reasonable inference that a community of interest exists. The bare allegation that a community of interest exists is nothing more than the kind of legal conclusion that *Twombly* and *Iqbal* teach need not be accepted as true even at the pleading stage.

Here, WatchCo has shown the existence of a contractual agreement between the parties dating back to 2015. But the contract itself requires little commitment on either side outside of buying or selling watches at prices set by Garmin. *See* Agreement, §§ 2.1–2.2. WatchCo has alleged that, in the month of February 2021, Garmin watches comprised nearly 30 percent of its sales, but it is unclear whether that 30 percent was gross proceeds, revenue, or number of items sold. Even if the Court were to assume WatchCo was referring to net revenue or to gross proceeds and then extrapolate that one-month sample to a year or even the life of the contract, WatchCo would have only shown that it has a continuing financial interest in the relationship. There is still

5

a complete absence of any facts suggesting the existence of "shared goals and a cooperative effort more significant than the typical vendor-vendee relationship." *Guderjohn*, 179 Wis. 2d at 205.

Consequently, WatchCo has failed to allege facts tending to show the sort of interdependence required to allow one to reasonably infer the existence of a community of interest. In short, it has alleged insufficient facts to support its assertion that it is a "dealer" for Garmin within the meaning of Wis. Stat. § 135.02, and accordingly, it has failed to state a claim for relief under the WFDL. And because the complaint fails to state a claim under the WFDL, there is no need to address Garmin's argument that the case should be dismissed under the doctrine of *forum non conveniens*.

## CONCLUSION

For these reasons, Garmin's motion to dismiss the complaint (Dkt. No. 6) is **GRANTED**. The dismissal is without prejudice, however, and WatchCo will be allowed thirty days from the date of this order in which to file an amended complaint curing the defects noted herein. If no amended complaint is filed within the time allowed, the case will be dismissed.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of July, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
