UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WATCH & ACCESSORY CO. and
THE WATCH COMPANY, INC.,

    Plaintiffs,

  v.              Case No. 21-C-382

GARMIN INTERNATIONAL, INC.,

    Defendant.

**DECISION AND ORDER GRANTING PLAINTIFFS' RULE 7(h) MOTION FOR RELIEF FROM FINAL JUDGMENT**

  Plaintiffs Watch & Accessory Co. and The Watch Company, Inc. brought suit in the Circuit Court for Outagamie County, Wisconsin, alleging that Defendant Garmin International, Inc. violated various provisions of the Wisconsin Fair Dealership Law (WFDL), Wis. Stat. § 135.01, *et seq*. Defendant removed the matter to federal court based on diversity jurisdiction and moved to dismiss the complaint for failure to state a claim. The Court granted Defendant's motion on July 7, 2021, but dismissed the complaint without prejudice, giving Plaintiffs until August 6, 2021, to file an amended complaint. The deadline passed without a filing from Plaintiffs, and on August 10, 2021, judgment was entered, dismissing Plaintiffs' complaint with prejudice. Dkt. No. 15. That same day, Plaintiffs filed a Rule 7(h) motion for relief from final judgment, urging the Court to grant relief based on Rule 60(b)(1) of the Federal Rules of Civil Procedure. Dkt. No. 16. For the following reasons, Plaintiffs' motion will be granted.

  Relief under Rule 60(b)(1) is discretionary, and a district court "may vacate a final judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Castro v. Bd. of Educ.*

of City of Chicago*, 214 F.3d 932, 934 (7th Cir. 2000).  In determining whether a party's neglect is excusable, the Supreme Court has indicated that the determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Relevant considerations include "prejudice to the [defendant], the length of delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

According to Plaintiffs, an amended complaint was prepared to be filed with the Court on July 13, 2021, but was not filed for various reasons.  Dkt. No. 16 at 3.  Plaintiffs assert that the lead attorney on the case, Mr. Graff, was unaware that his associate, Mr. Eisenheim, had not filed the amended complaint after Mr. Eisenheim had made the necessary changes to the amended complaint.  *Id.*  For his part, Mr. Eisenheim was unaware that it was his responsibility to file the amended complaint once the changes were made.  *Id.*  Furthermore, Plaintiffs note that this miscommunication between Mr. Graff and Mr. Eisenheim was "compounded by the fact that Mr. Graff's longtime legal assistant . . . has been on maternity leave since early July 2021." *Id.*  The foregoing assertions, Plaintiffs say, constitute "excusable neglect" under Federal Rule of Procedure 60(b)(1), such that they should be granted relief from the Court's final judgment.

There is little doubt that Plaintiffs' omissions in this case constitute neglect, leaving only the question of whether the neglect is excusable within the standards set out by the Supreme Court. First, there is no serious risk of prejudice to Defendant.  True, an action against it will be revived, but Defendant has not otherwise indicated how it has been, or how it would be, prejudiced as a result of this neglect.  Second, the length of delay in this case was minimal, as Plaintiffs filed their Rule 7(h) motion four days after the deadline passed, and within a few hours of judgment being

entered. Where the delay is mere days, and where the case has yet to progress beyond the motion to dismiss stage, the potential impact on judicial proceedings is negligible.

Third, the reason for delay, although within the reasonable control of the movant, is an adequate one. Plaintiffs' attorneys were not so much inattentive to the litigation as they were unknowingly reliant on one another. While the communication of Mr. Graff and Mr. Eisenheim leaves much to be desired, the Court finds the neglect to be excusable, given the relatively harmless nature of the miscommunication. Finally, it appears that Plaintiffs acted in good faith. As previously mentioned, Plaintiffs filed this motion within mere hours of receiving notice that judgment had been entered against them and were candid as to the reasons that caused the delay. Additionally, Plaintiffs have not gained any conceivable advantage by missing their deadline to file the amended complaint; indeed, missing the deadline has undoubtedly worked against them.

The Court notes that the Seventh Circuit has articulated a policy of favoring a trial on the merits over default judgments; this too, weighs in favor of Plaintiffs. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Thus, the Court concludes that the neglect of Mr. Graff and Mr. Eisenheim is excusable within the meaning of Rule 60(b)(1). However, the Court cautions litigants against complacency in their filing of documents; Rule 60(b)(1) is a "discretionary safety valve," and while it may be appropriate in one case, it may be inappropriate in most others. *Fed. Election Com'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1020 (7th Cir. 2000).

The Court also notes that Defendant does not argue that Plaintiffs' proposed amended complaint is frivolous. As the Court observed in dismissing Plaintiffs' original complaint, it is not clear whether an online business such as Plaintiffs' can identify the kind of "sunk costs" essential to find a dealership within the meaning the WFDL. *See Frieburg Farm Equip., Inc. v. Van Dale,*

*Inc.*, 978 F.2d 395, 399 (7th Cir. 1992). Defendant remains free to raise that issue as the case proceeds.

For the foregoing reasons, Plaintiffs' Rule 7(h) motion for relief from final judgment (Dkt. No. 16) is **GRANTED**. The order dismissing the case and judgment (Dkt. Nos. 14 & 15) are **VACATED**, and this case is reopened. The Clerk is directed to detach the amended summons and complaint, and Defendant is directed to file an answer in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of August, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge