UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WATCH & ACCESSORY CO. and
THE WATCH COMPANY, INC.,

        Plaintiffs,

        v.                                 Case No. 21-C-382

GARMIN INTERNATIONAL, INC.,

        Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Watch & Accessory Co. and The Watch Company, Inc. (collectively, WatchCo) brought this action in the Circuit Court for Outagamie, Wisconsin, alleging that Defendant Garmin International, Inc. violated various provisions of the Wisconsin Fair Dealership Law (WFDL), Wis. Stat. § 135.01, *et seq.*, by attempting to modify or rescind a contract between the parties to sell Garmin watches. Garmin removed the matter to federal court based on diversity jurisdiction under 28 U.S.C. § 1332 (Garmin is a citizen of Kansas, WatchCo is a citizen of Wisconsin, and the amount in controversy exceeds $75,000), and immediately moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and *forum non conveniens*. The Court dismissed WatchCo's first complaint for failure to state a claim, concluding that WatchCo had failed to allege sufficient facts to support its assertion that it was a "dealer" for Garmin within the meaning of the WFDL. Dkt. No. 13 at 6. The dismissal was without prejudice, however, and WatchCo has filed an amended complaint. *See* Dkt. No. 21. Garmin has now renewed its motion to dismiss on the same grounds. For the reasons that follow, the Court now concludes the Garmin is entitled to

dismissal on the threshold issue of *forum non conveniens*. Garmin's motion will therefore be granted.

## BACKGROUND

In October 2015, WatchCo and Garmin signed a four-page written "Domestic Dealer Agreement – Specialty Market," whereby Garmin appointed WatchCo a non-exclusive, independent dealer of Garmin watches. Dkt. No. 24-2. The Agreement provides that "products shall be sold to Dealer at the prices that shall be quoted to Dealer upon acceptance of each order." *Id.* at ¶ 2.2. The Agreement also contains a forum selection and choice of law provision under which the parties agreed that the Agreement would be governed by and construed in accordance with the laws of the State of Kansas and that any state court in the State of Kansas would have exclusive jurisdiction over any actions, suits, or proceedings arising out of or relating to the Agreement or any transactions contemplated by it. *Id.* at ¶ 6.4.

According to the Amended Complaint, Garmin initially offered to sell product to WatchCo for 45% less than MRP, but that discount was later reduced to 35% less than MRP. Am. Compl., ¶¶ 24–25., Dkt. No. 21. In February 2021, Garmin notified WatchCo by letter that it would be modifying their business relationship. Dkt. No. 24-1. The letter stated that the 35% discount provided to WatchCo was premised on its brick-and-mortar retail business model, and that, if WatchCo chose to sell its watches primarily online, the discounts would change. *Id.* at 2. If WatchCo made most or all of its sales online, including through sites such as Amazon.com, then Garmin would sell WatchCo its product at 15% below MRP. *Id.* If WatchCo made most or all of its sales online, but sold exclusively through WatchCo's own website, then Garmin would provide its product at 25% below MRP. *Id.* If WatchCo wished to retain its 35% discount, then it would need to revert to a business model where the majority of its sales are made through a brick-and-

2

mortar retail channel and cease selling Garmin product on Amazon.com. *Id.* The letter further stated that if WatchCo did not notify Garmin of its elected business model within 60 days of the date on the letter, Garmin would reduce WatchCo's discount to 15% off MRP, effective 90 days after the date on the letter.

WatchCo alleges that its contract with Garmin constitutes a dealership within the meaning of the WFDL and that Garmin's proposed price change amounts to a substantial change in competitive circumstances. Under the WFDL, a grantor of a dealership may not "terminate, cancel, fail to renew or substantially change the competitive circumstances of a dealership agreement without good cause." Wis. Stat. § 135.03. Even where the grantor believes good cause exists, the WFDL generally requires that the grantor provide the dealer at least 90 days prior written notice of such change, the reasons for the change, and to allow the dealer 60 days to cure any claimed deficiency. Wis. Stat. § 135.04. WatchCo alleges that good cause does not exist for the changes in price Garmin has proposed and, in any event, Garmin has failed to provide the required notice. Based on these allegations, WatchCo seeks an injunction enjoining Garmin from altering or terminating the dealership agreement, damages for any losses sustained, and attorneys' fees and costs.

## ANALYSIS

Garmin has moved for dismissal under the doctrine of *forum non conveniens*. "The common law doctrine of *forum non conveniens* allows a federal district court to dismiss a suit over which it would normally have jurisdiction in order to best serve the convenience of the parties and the ends of justice." *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009). "A forum-selection clause channeling litigation to a nonfederal forum is enforced through the doctrine of forum non conveniens." *Mueller v. Apple Leisure Corp.*, 880

F.3d 890, 892 (7th Cir. 2018) (citing *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49 (2013)). A "'valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). When a plaintiff has violated a contractual obligation by filing suit in a forum other than one specified in a valid forum selection clause and the court lacks authority to transfer the case to the contractually selected forum, dismissal is appropriate. *Id.* at 66 n.8. The forum selection clause in WatchCo's agreement with Garmin unequivocally designates the state courts of the State of Kansas as the agreed upon forum for any suits arising out of the Agreement. Based on this fact alone, Garmin argues that WatchCo's lawsuit should be dismissed.

In response, WatchCo cites *Cutter v. Scott & Fetzer Co.*, in which the court declined to enforce a forum selection clause in a WFDL case based in part upon Wisconsin's public policy protecting state dealerships. 510 F. Supp. 905 (E.D. Wis. 1981). The distributor agreement in that case required any lawsuit over the contract to be brought in Ohio. *Id.* at 907. In refusing to enforce the clause, the court relied in part on the plaintiff's argument that the clause was unconscionable and in part on the plaintiff's argument that the clause violated Wisconsin's clear public policy as expressed in the WFDL. *Id.* at 908–09. The court explained:

> The Fair Dealership Law is to "be liberally construed and applied to promote its underlying remedial purposes and policies." Wis. Stat. § 135.025(1). Its purpose is to provide a remedy to a dealer beyond that which he would have at the common law, Wis. Stat. § 135.025(2)(c). In addition, the effect of the Fair Dealership Law "may not be varied by contract or agreement." Wis. Stat. § 135.025(3).

*Id.* at 909. While the court recognized that Wisconsin also favored forum selection clauses, it concluded that the state's policy underlying the WFDL outweighed the state's policy favoring enforcement of forum selection clauses.

*Cutter*, which was decided more than thirty years before *Atlantic Marine*, is not persuasive. *Atlantic Marine* announced the federal policy favoring enforcement of forum selection clauses in federal courts "in all but the most exceptional cases." 571 U.S. at 60. Implicit in the Court's decision in *Atlantic Marine* is the principle that disputes over venue in federal courts are governed by federal, not state, law. And federal law, as explained in *Atlantic Marine*, clearly favors enforcement of contractually valid forum selection clauses.

The first step in deciding whether to enforce a forum selection clause is to determine whether the clause is "contractually valid." *Atlantic Marine*, 571 U.S. at 62 n.5. WatchCo does not contend that the clause is invalid as a matter of contract law. In other words, WatchCo does not claim that it was defrauded or coerced into signing the Agreement or that the Agreement is unconscionable. WatchCo's claim is that the clause is invalid because it violates the public policy of Wisconsin, as expressed in the WFDL. "But that is not a matter of contract invalidity, which is the point of this analysis." *ACD Distrib., LLC v. Wizards of the Coast, LLC*, No. 18-cv-658-jdp, 2018 WL 4941787, at *1 (W.D. Wis. Oct. 12, 2018). The Court therefore proceeds to step two.

Under step two, the court conducts an analysis to determine whether there are extraordinary circumstances unrelated to the convenience of the parties that clearly disfavor enforcement. *Atlantic Marine*, 571 U.S. at 52, 62. Absent a contractually valid forum selection clause, a district court considering a *forum non conveniens* motion "must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62. The court "weigh[s] the relevant factors and decide[s] whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interests of justice.'" *Id.* at 62–63 (quoting 28 U.S.C. § 1404(a)). "The calculus changes, however, when the parties' contract contains a valid forum-

5

selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* at 63 (quoting *Ricoh Corp.*, 487 U.S. at 31).

When the agreement of the parties contains a contractually valid forum selection clause, "the plaintiff's choice of a forum merits no weight." *Id.* "[W]hen a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 63–64. Private interests, such as convenience of parties or witnesses are likewise entitled to no weight when the parties agreed to a forum selection clause since any such inconvenience would have been foreseeable at the time the contract was formed. *Id.* at 64. Finally, when a party bound by a forum-selection clause ignores its obligations and files suit in a different state, the court in the venue contractually selected need not apply the choice-of-law rules of the state in which the suit was improperly filed. The contractually selected forum will apply its own choice-of-law rules instead. *Id.* at 64–65.

Since the Court's decision in *Atlantic Marine*, the Western District of Wisconsin has repeatedly enforced forum selection clauses in WFDL cases. *See, e.g., ACD Distrib., LLC*, 2018 WL 4941787, at *1 (enforcing forum selection clause over objection that it conflicted with WFDL); *Brava Salon Specialists, LLC v. Label.M USA, Inc.*, No. 15-cv-631, 2016 WL 632649, at *2 (W.D. Wis. Feb. 17, 2016) (same); and *Rolfe v. Network Funding LP*, No. 14-cv-9, 2014 WL 2006756 (W.D. Wis. May 16, 2014) (same). As that court has recognized, "forum selection clauses are not automatically voided by the WFDL." *Rolfe*, 2014 WL 2006756, at *2. The fact that the contract also contains a Kansas choice of law provision which would deny WatchCo the

6

protection of the WFDL does not render the forum selection clause invalid. *See Stawski Distrib. Co. v. Browary Zywiec SA*, 349 F.3d 1023 (7th Cir. 2003) (concluding that forum selection clause was enforceable but choice of law provision was not). Ultimately, it is up to the court in the contractually selected venue to decide which state's law is applied.

In essence, WatchCo's argument against enforcement of the forum selection clause in the Agreement is predicated on the assumption that Wisconsin law applies. But at this point, which state's law will apply is an open question. Federal law requires that absent extraordinary circumstances, a forum selection clause must be given effect. WatchCo has failed to identify any such circumstances. Under the doctrine of *forum non conveniens*, it thus follows that WatchCo's action must be dismissed. Accordingly, Garmin's motion is granted and WatchCo's action is dismissed on its merits but without prejudice. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of December, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge