UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WATCH & ACCESSORY CO. and
THE WATCH COMPANY, INC.,

        Plaintiffs,

     v.                                 Case No. 21-C-382

GARMIN INTERNATIONAL, INC.,

        Defendant.

---

## DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT

---

      Plaintiffs Watch & Accessory Co. and The Watch Company, Inc. (collectively, WatchCo) brought this action in the Outagamie County Circuit Court alleging that Defendant Garmin International, Inc. violated various provisions of the Wisconsin Fair Dealership Law (WFDL), Wis. Stat. § 135.01, *et seq.*, by attempting to modify or rescind a contract between the parties to sell Garmin watches. Garmin removed the matter to federal court based on diversity jurisdiction under 28 U.S.C. § 1332 and immediately moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and *forum non conveniens*. The Court dismissed WatchCo's first complaint for failure to state a claim, concluding that WatchCo had failed to allege sufficient facts to support its assertion that it was a "dealer" for Garmin within the meaning of the WFDL. Dkt. No. 13 at 6. The dismissal was without prejudice, however, and WatchCo filed an amended complaint. Garmin again moved to dismiss, and the Court granted its motion based on the doctrine of *forum non conveniens* and dismissed the case with prejudice. Dkt. No. 27. Now, WatchCo moves the Court to alter its judgment under Federal Rule of Civil Procedure 59(e). For the following reasons, WatchCo's motion will be denied.

Federal Rule of Civil Procedure 59(e) allows a litigant to file a motion to "alter or amend a judgment," and the Rule gives the Court "the chance to 'rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982)). Such a motion is only proper when "the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citation omitted). A "manifest error" only occurs when the Court "commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). However, the Court "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703.

WatchCo argues that the Court committed a manifest error of law by failing to "consider the extraordinary circumstances here involving the application of the Wisconsin Fair Dealership Law in a Kansas court." Dkt. No. 30 at 1. Specifically, WatchCo argues that (1) requiring Wisconsin-based dealers to litigate in Kansas state courts under Kansas law contravenes Wisconsin's public policy in favor of protecting its dealers; (2) requiring WatchCo to begin proceeding anew in Kansas state court would cut against the administrative interest in obtaining a quick resolution of the case; (3) Wisconsin has a strong interest in hearing disputes about Wisconsin dealerships in its own state and federal courts; and (4) this case is "at home" in this Court because Wisconsin courts are better situated to apply the WFDL to the facts of the case. Dkt. No. 30 at 1–7. WatchCo's arguments, however, have been forfeited.

As mentioned above, the Supreme Court has held that, when considering a motion under Rule 59(e), courts "will not address new arguments . . . that the moving party could have raised

2

Case 1:21-cv-00382-WCG   Filed 03/17/22   Page 2 of 4   Document 32

before the decision issued." *Banister*, 140 S. Ct. at 1703. WatchCo could have raised these arguments in either of its briefs in opposition to Garmin's motions to dismiss but did not. *See* Dkt. Nos. 11 & 25. Instead, it waited for the Court to issue a decision on Garmin's motion to dismiss the amended complaint and then initiated a new motion and round of briefing based on arguments that it certainly could have raised earlier.

But even if the Court were to consider WatchCo's arguments, the result would be the same. The Court did not commit a manifest error of law or fact in reaching its decision. As WatchCo concedes, the Court "followed the correct analysis under federal law." Dkt. No. 30 at 1. WatchCo's primary gripe is that the Court "failed to consider the extraordinary circumstances" involving the application of the WFDL in a Kansas court. *Id.* But the Court noted in its decision that "[f]ederal law requires that absent extraordinary circumstances, a forum selection clause must be given effect. WatchCo has failed to identify any such circumstances." Dkt. No. 27 at 7. In other words, WatchCo failed to present the Court with any extraordinary circumstances that would support disposing of the forum selection clause, and the Court was not required to develop WatchCo's argument for it. *See Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008) ("It is not the job of this court to develop arguments for appellants."); *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008) ("[I]t is not the obligation of this Court to research and construct the legal arguments available to parties.").

In reaching this conclusion, the Court has also considered WatchCo's argument that its essentially online business constitutes a dealership under Wisconsin law. The Seventh Circuit has held that the ultimate question in determining the existence of a dealership under the WFDL is "whether the grantor has the alleged dealer 'over a barrel'—that is, whether it has such great economic power over the dealer that the dealer will be unable to negotiate with the grantor or comparison-shop with other grantors." *Home Protective Servs., Inc. v. ADT Sec. Servs., Inc.*, 438

3

F.3d 716, 720 (7th Cir. 2006). Given the absence of the kind of "sunk costs" courts look for in making this assessment, this case does not present the kind of extraordinary circumstances needed to avoid a valid forum selection clause.

Therefore, because WatchCo forfeited its arguments by not raising them earlier, and because the Court did not commit a manifest error of law, WatchCo's motion to alter judgment under Rule 59(e) (Dkt. No. 29) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge